JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
This appeal is taken from the finding of guilt and the sentence entered upon the plea of no contest to the single count in the indictment charging the defendant-appellant, Jonathan M. Ramundo, with aggravated possession of drugs. The trial court accepted after the plea after it overruled a motion to suppress evidence.
Ramundo was a passenger in an automobile stopped by a uniformed police officer for a traffic violation. The driver was placed under arrest after the officer determined the existence of outstanding warrants. Ramundo was instructed to remain in the automobile as a precaution because of traffic conditions at the site of the arrest, a heavily traveled interstate highway. The officer asked Ramundo whether any of the numerous bags and boxes within the vehicle belonged to him. Ramundo was at that time seated in the front passenger seat with a closed bag at his feet, which he said was his. The officer asked whether he could see its contents. Ramundo responded "yes" and opened the bag to view by unzipping it. The officer than saw what he recognized from training and experience to be psilocybin mushrooms, a controlled substance with psychotropic properties. Ramundo was given his constitutional rights and placed under arrest.
The singular assignment of error is that the court erred in overruling the motion to suppress the evidence, because the traffic stop was pretextual and Ramundo's consent to the officer's request to view the contents of the closed bag was not freely given. The sole witness who testified in the evidentiary hearing upon the motion was the arresting officer. The court stated at the close of all the evidence and the arguments of counsel that there was "no search [sic] * * * and under the totality of the circumstances * * * the officer's behavior was not at all coercive." The assignment of error is overruled because the record demonstrates conclusively that the court did not err in overruling the motion to suppress. The court's conclusions were neither contrary to law nor against the manifest weight of the evidence. See State v. Daniel (1992),81 Ohio App.3d 325, 610 N.E.2d 1099, citing Florida v.Bostick (1991), 501 U.S. 429, 111 S.Ct. 2382. Therefore, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.